FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 12 2011 ★
BROOKLYN OFFICE
DOCKET & FILE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------x
BIBI NAZEEMA HUSAIN,

                Plaintiff,

        -against-                    MEMORANDUM AND ORDER
                                     11-CV-5605 (KAM)
SMARTE CARTE INC.,

                Defendant.
--------------------------------x
```

**MATSUMOTO, UNITED STATES DISTRICT JUDGE:**

On November 15, 2011, plaintiff Bibi Nazeema Husain, appearing *pro se,* commenced this employment discrimination action against Smarte Carte Inc., her former employer, alleging harassment, discrimination and retaliation. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this Memorandum and Order. For the reasons discussed below, the complaint is dismissed.

### BACKGROUND

On April 23, 2010, plaintiff filed a complaint in this court against defendant, alleging facts and claims that are identical to those set forth in the instant complaint. (*See generally* No. 10-CV-1844 (KAM) (the "Prior Action"), ECF No. 1, Complaint; No. 11-CV-5065 (KAM), ECF No. 1, Complaint.) On May

1

2, 2011, this court granted defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on grounds that plaintiff's claims were subject to the exclusive jurisdiction of the National Labor Relations Board, and dismissed the action with prejudice. (*See* No. 10-CV-1844 (KAM), ECF No. 32, Order of Dismissal.) Judgment was entered on May 5, 2011. (*See* No. 10-CV-1844 (KAM), ECF No. 34, Clerk's Judgment.)

## DISCUSSION

The doctrine of *res judicata* provides that after a judgment is rendered on the merits, a second suit between the same parties and based on the same cause of action or claims is barred. *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205 (2d Cir. 2002); *Waldman v. Vill. of Kiryas Joel*, 207 F.3d 105, 108 (2d Cir. 2000). A court may consider the issue of *res judicata, sua sponte*, assuming the court possesses all relevant data and legal records. *See Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) ("The failure of a defendant to raise *res judicata* in answer does not deprive a court of the power to dismiss a claim on that ground."). To determine whether *res judicata* applies to preclude later litigation, a court must find that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those

in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001); *Bay Fireworks, Inc. v. Frenkel & Co., Inc.*, 359 F. Supp. 2d 257, 261 (E.D.N.Y. 2005).

The court finds that all three factors apply here. The court previously adjudicated the merits of the Prior Action; the same plaintiff and defendant presently before the court were parties to the Prior Action; and the claims plaintiff asserts in the instant action could have been raised, or are virtually identical to those she raised in the Prior Action. Accordingly, because *res judicata* bars the instant action, which attempts to re-litigate the same claims plaintiff asserted unsuccessfully before, this action is dismissed. *Salahuddin*, 992 F.2d at 449 ("Dismissal of appellant's recycled claims was not only appropriate but virtually mandatory.").

## CONCLUSION

For the foregoing reasons, the complaint is hereby dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S.

438, 444-45 (1962). Any appeal must be filed within 30 days after judgment is entered in this case. Fed. R. App. P. 4(a)(1)(A).

The Clerk is respectfully requested to serve a copy of this Memorandum and Order on plaintiff and note service in the docket, dismiss this action, enter judgment and close this case.

SO ORDERED.

Dated: Brooklyn, New York
December 12, 2011

/S/

KIYO A. MATSUMOTO
United States District Judge

4